DETERMINED IN THE

# COURT OF ERRORS AND APPEALS

OF THE

## STATE OF NEW JERSEY,

AT NOVEMBER TERM, 1862.

---

### HENRY V. HOAGLAND v. ABRAHAM VEGHTE.

An agreement, whereby the plaintiff granted a right to the defendant to erect a mill dam, and stop a ditch, on his land, and the defendant agreed that all damages sustained should be paid by him, held to mean such damages as the plaintiff might from time to time sustain. The case of *Van Schoick* v. *Canal Company, Spencer* 24, held not applicable.

The opinion of the Supreme Court will be found in 5 *Dutcher* 125.

For the plaintiff, *S. B. Ransom* and *R. S. Field.*

For the defendant, *M. Beasley.*

The opinion of the court was delivered by

ELMER J. The judgment of the Circuit Court in this case was reversed by the Supreme Court, upon the ground that, by the true construction of the agreement between the parties, made July 23d, 1838, the plaintiff's right to have an appraisement of the damages sustained by him was complete

516

Hoagland v. Veghte.

immediately upon the granting of the privileges thereby conceded to him, and that therefore but one appraisement was authorized, which when made, was final and conclusive. I cannot concur in this opinion.

The plaintiff granted to the defendant, for a nominal consideration, a right to enter upon his land, erect a mill dam, and stop an existing ditch; and the defendant covenanted, that all damages sustained by the plaintiff, by reason of the privilege and authority granted, should be paid by him, which damages were to be appraised by disinterested persons, selected one by each party; and in case they could not agree, they were to choose a third, whose report, or the report of any two of them, should be final and conclusive. This agreement is loosely and inartificially drawn, no time or manner of using the privileges granted being mentioned, nor is it specified when the damages are to be assessed. The object undoubtedly was to place the defendant in a different situation from that of a mere trespasser. He had conferred on him an absolute right to use the plaintiff's land, by entering on it for the purpose of building and maintaining his dam, and could not be compelled to pay damages upon the principle of requiring him to remove it, but only such actual damages as the owner might sustain. Since, in the nature of things, such damages would accrue from time to time, as the work progressed, or as its effect was developed, it would seem but reasonable that they should be appraised from time to time as they occurred. No other proceeding could do the plaintiff justice; and that this mode of proceeding involved no injustice or hardship to the defendant is manifest from the fact, that three different appraisements have been made without the slightest objection on his part. Indeed nothing can be plainer than that the parties to this agreement both understood that it provided for the damages being appraised and paid after they had been sustained. This, indeed, is the literal meaning of its language. To hold that by the phrase, "all damages sustained," was meant such depreciation in value of the plaintiff's lands, by the fact of his granting cer-

tain privileges and rights to the defendant, and before it
could even be known how they would be exercised, it seems
to me would be to hold what would be unreasonable and un-
just to both parties, and what they could not have intended.

The case of *Van Schoick* v. *The Delaware and Raritan
Canal Company*, *Spencer* 249, is relied on as in point. That,
however, was a case differing from this in essential particu-
lars. The question was as to the nature and effect of an
assessment of damages, provided for in the charter of the
company, for taking a portion of the plaintiff's land very
particularly described, and constructing thereon a canal, all
to be held for its exclusive use, against the consent of the
owner. The judge who delivered the opinion of the court
considered the words "damages sustained" as used in the
law, although in the past tense, and therefore properly mean-
ing such damages as had at the time accrued, to have a dif-
ferent meaning, because the company had no right to take
the land or construct the canal, or in any wise affect the
owner's interest or property, till the same had been valued,
and the damages assessed. The law, he said, clearly con-
templated such prospective damages as might arise.

In the agreement now under consideration there is nothing
to qualify the proper meaning of the language employed,
and to show that prospective damages were contemplated.
Had an appraisement been attempted upon that principle,
there can be little doubt the defendant would have felt him-
self quite as much aggrieved as the plaintiff now does by
that adopted at this late day by the Supreme Court. There
had been three awards for damages, before the present pro-
ceedings commenced, without objection by the defendant.
The last of these, it appears, was brought before the Su-
preme Court, and there held to be good for all damages not
before adjudicated. 3 *Zab.* 92. When the proceedings now
before us were commenced, the plaintiff, by his counsel, ob-
jected that final damages, including the whole value of the
land injured, had been awarded and paid, but he did not

advance the principle, that there could be only one appraise-ment.

The declaration claimed damages which had been sus-tained after the making of the last award, and upon the construction of the agreement above stated, was good. Three of the pleas demurred to set up the several awards as conclusive, and were no good answer to the declaration. The sixth plea, which was also demurred to, set up as a bar that the defendant refused to join in selecting an arbitrator, because the plaintiff refused to make a further specification of the damages claimed by him. This same defence was urged on the trial of the issues in fact, and the judge having charged the jury that the refusal of the plaintiff to specify what damages he claimed was no justification for the defendant declining to select an arbitrator, a bill of excep-tions was sealed.

It is clear that the defendant was under no obligation to choose an arbitrator, if the plaintiff had been in fact awarded all the damages he had sustained ; but this was a matter to be settled by the arbitrators, who would have been bound carefully to exclude all damages upon which the former arbi-trators had adjudicated, or upon which, under the submission, they ought to have adjudicated. But there is nothing in the agreement, or in the nature of the case, which required the plaintiff to make a formal specification of his damages.

Another error was assigned, for the refusal of the judge to charge the jury, " that the damages to be assessed were those arising, in consequence of the dam, to the freehold, and not for the loss or damage to crops which the land might have produced, if not soaked or otherwise injured."

It appears, by the bill of exceptions, that the plaintiff offered evidence to prove that the quantity of broken and useless land, at the time of the commencement of the suit, was considerably greater than at the date of the last award ; that the quality of the crops had deteriorated since the same date, and that the action of the water, caused by the erec-tion of the dam, had permanently injured the freehold by

Hoagland v. Veghte.

washing the surface and by soakage. There does not appear to have been any objection to this evidence, and the charge asked for was, that damages might properly be assessed for those arising to the freehold, but not for loss or damage to crops which the land might have produced, if not soaked or injured. I confess I am unable to perceive the distinction. Deterioration in the quality of the crops was a damage to the land, and the extent of the deterioration afforded one means of ascertaining what was the amount of the damage to the freehold.

Being of opinion that there was no error in the record of the Circuit Court, but that the Supreme Court erred in reversing the judgment, I think the judgment of the Supreme Court must be reversed, and the judgment of the Circuit Court in all things affirmed.

*For reversal*—Judges COMBS, CORNELISON, ELMER, GREEN, KENNEDY, SWAIN, WOOD.

*For affirmance*—Judge VREDENBURGH.

Judgment reversed.